James A. Keller (NJ I.D. #020991996)
SAUL EWING ARNSTEIN & LEHR LLP
650 College Road East
Suite 4000
Princeton, NJ 08540-6603
(609) 452-3100

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LAURA K. MORETZ,<br><br>Plaintiff,<br><br>v.<br><br>THE TRUSTEES OF PRINCETON UNIVERSITY d/b/a PRINCETON UNIVERSITY, MICHAEL RYAN, DEFENDANT DOE 1-10, DEFENDANT DOE INSTITUTION 1-10,<br><br>Defendants. | **No. ____________** |

**NOTICE OF REMOVAL**

Defendant The Trustees of Princeton University, (the "University"), hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, *et seq*. The grounds for removal are as follows:

1. Plaintiff commenced this action against the University, defendant Michael Ryan, and numerous fictitious and unnamed defendants, by filing a civil action complaint on November 4, 2021 in the Superior Court of New Jersey, Law Division, Mercer County. That matter is captioned as **MER-L-002291-21**, and a copy of the Complaint ("Complaint") is attached to this Notice as **Exhibit A**.

2. As pled in the Complaint, Plaintiff is a citizen and resident of North Carolina. Complaint, ¶ 1. The University is a nonprofit corporation organized under the laws of New Jersey with a principal place of business in New Jersey. Complaint, ¶ 3. Defendant Michael

Ryan is pled, upon information and belief, to be a citizen of California. Complaint, ¶ 7. No citizenship information is pled regarding the fictitious defendants, although they are pled to have been employees or agents of the University (a New Jersey citizen) or Defendant Ryan (a California citizen).

3. On the face of the Complaint, then, Plaintiff is a citizen of a different state than the Defendants.

4. Plaintiff seeks "in excess of Fifty Million Dollars" in damages. Complaint, pg. 17, WHEREFORE clause.

5. As this is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, this Court has original jurisdiction over the matter based on diversity of citizenship. 28 U.S.C. § 1332.

6. Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7. Pursuant to 28 U.S.C. § 1441, "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest *properly joined <u>and served</u> as defendants* is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b)(2) (emphasis added).

8. The Complaint has not been served on the University or any other party. A copy of the docket from the state court proceedings in this matter as of the time of the filing of this Notice is attached as **<u>Exhibit B</u>**.

9. As a result, the provisions of 28 U.S.C. § 1441(b)(2), commonly referred to as "the forum defendant rule," are inapplicable to the instant matter. The University, although a New Jersey citizen, has not been "properly joined ***and served***" in the state court action. *See* 28 U.S.C. § 1441(b)(2); Encompass Ins. Co. v. Stone Mansion Restaurant Inc., 902 F.3d 247, 153-54 (3d Cir. 2018) (holding that removal to federal court was appropriate where defendant's notice of removal was filed prior to accepting service in the state court action).

10. This Notice of Removal is being filed within thirty (30) days of the filing of the Complaint and within one year of the commencement of the action, and therefore is also timely under 28 U.S.C. § 1446(b).

11. A true and correct copy of this Notice will be promptly filed with the Superior Court of New Jersey, Law Division, Mercer County, pursuant to 28 U.S.C. § 1446(d).

12. Finally, a copy of this Notice is being promptly served on Plaintiff, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq.*, Defendant The Trustees of Princeton University respectfully requests that Plaintiff's civil action be removed from the Superior Court of New Jersey, Law Division, Mercer County to the United States District Court for the District of New Jersey.

Respectfully submitted,

/s/ James A. Keller
SAUL EWING ARNSTEIN
& LEHR LLP
650 College Road East
Suite 4000
Princeton, NJ 08540-6603
James.Keller@saul.com
(609) 452-3100

Dated: November 8, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal was served today on the following via electronic mail and first class mail, postage prepaid, addressed as follows:

John W. Baldante, Esq.
Levy Baldante Finney & Rubenstein, P.C.
89 North Haddon Avenue, Suite D
Haddonfield, NJ 08033
baldante@levybaldante.com

Dated: November 8, 2021

/s/ James A. Keller
James A. Keller

# Exhibit A

**LEVY BALDANTE FINNEY & RUBENSTEIN, P.C.**
BY: John W. Baldante, Esquire
Daniella R. Price, Esquire
89 North Haddon Avenue, Suite D
Haddonfield, NJ 08033
(856) 424-8967
Attorneys for Plaintiff
**Attorney I.D. 031391983/151252015**

| | |
|---|---|
| LAURA K. MORETZ<br>Plaintiff<br><br>v.<br><br>THE TRUSTEES OF PRINCETON d/b/a PRINCETON UNIVERSITY;<br>MICHAEL RYAN;<br>DEFENDANT DOE 1-10;<br>DEFENDANT DOE INSTITUTION 1-10<br><br>Defendants | NEW JERSEY SUPERIOR COURT<br>LAW DIVISION<br>MERCER COUNTY<br><br>DOCKET NO.: MER-L-<br><br>CIVIL ACTION<br><br>**COMPLAINT; DEMAND FOR JURY TRIAL; DESIGNATION OF TRIAL COUNSEL; CERTIFICATION PURSUANT TO R. 4:5-1** |

Plaintiff, Laura K. Moretz (hereinafter also referred to as "Ms. Moretz" and/or "Laura" and/or "Plaintiff"), residing at 4861 Winchelsea Rd., Winston Salem, NC 27104 by way of Complaint against the defendants, The Trustees of Princeton d/b/a Princeton University (hereinafter also referred to as "Princeton University" and/or "Princeton" and/or the "University"), Michael Ryan (hereinafter also referred to as "Mr. Ryan" and/or "Prof. Michael Ryan" and/or " Prof. Ryan" and/or "Defendant"), Defendant Doe 1-10, and Defendant Doe Institution 1-10, says as follows:

## PARTIES AND VENUE

1. Plaintiff, Laura K. Moretz (a/k/a Laura Knight), is currently a citizen and resident of North Carolina residing at 4861 Winchelsea Rd., Winston Salem, NC 27104.

2. At the time of her sexual abuse, plaintiff was a teenager and a student resident at Princeton University in Princeton, New Jersey, Mercer County, New Jersey, and the sexual abuse took place in and/or near Princeton, Mercer County, New Jersey.

3. At all times material hereto, defendant, The Trustees of Princeton University d/b/a Princeton University (hereinafter also refereed to as "Princeton University" and/or "Princeton" and/or the "University") is a nonprofit corporation organized and existing under the laws of the State of New Jersey. Princeton University was and is a private educational institution with a principal place of business located in Princeton, New Jersey.

4. Defendant, Michael Ryan was/is a professor, teacher, award-winning poet, and/or author.

5. At all material times hereto, Michael Ryan was a professor, teacher, and/or poet educator at Princeton University.

6. In 1981, Prof. Michael Ryan was fired from Princeton University for sexual harassment, including but not limited to, having sex with students in violation of the *Rules and Procedures of the Faculty* and violating "teaching ethics" specifically, a professor to sexually harassing students. *[See The Daily Princetonian, May 11, 1981, article attached hereto as Exhibit "A."]*. [1]

7. Upon information and belief, Michael Ryan is a resident of California residing at 16 Virgil Court, Irvine, CA 92617.

8. Upon information and belief, as recent as September 2020, Michael Ryan was/is a professor and/or Co-Director of the Masters of Fine Arts (MFA) Program at the University of California-Irvine.[2]

9. Individual defendants in the above caption case identified as Defendant Doe 1-10 (said names being fictitious, and hereinafter referred to as "Defendant Doe"), were, at all relevant times, employees and/or agents of the Defendant, The Trustees of Princeton d/b/a Princeton University and/or Michael Ryan, involved in the operation of The Trustees of Princeton d/b/a Princeton University and the

---

[1] *See also*, The Secret Life, Michael Ryan. 1995., p. 340.
[2] https://www.frontierpoetry.com/2020/09/21/in-class-with-michael-ryan/

hiring, admitting, assigning, retaining, and supervising of professors, teachers and/or individuals, including Michael Ryan. The identification of these individuals is not known by the plaintiff at this time in the absence of discovery. Plaintiff reserves the right to substitute the name(s) for those agents designated as Defendant Doe when and if such information becomes available.

10. Institutional/corporate defendants in the above caption case identified as Defendant Doe Institution 1-10 (said names being fictitious, and hereinafter referred to as "Defendant Doe Institution") were, at all relevant times, incorporated and/or established associations, corporations, institutions, entities, schools, facilities, or other establishments that employed, hired, certified, assigned, retained, supervised, managed, oversaw, directed, administrated, and/or otherwise controlled one or more of the defendants at or during all relevant times. These Defendant Doe Institutions were/are vicariously and derivatively liable for the negligent conduct of the aforementioned defendants under the theories of respondeat superior, master-servant, agency, and/or right of control.

11. Defendants, The Trustees of Princeton d/b/a Princeton University, Defendant Doe 1-10, Defendant Doe Institution 1-10, were empowered to supervise and control all professors, teachers and/or employees and/or agents within The Trustees of Princeton d/b/a Princeton University, including defendant, Michael Ryan.

12. Defendants, The Trustees of Princeton d/b/a Princeton University, Defendant Doe 1-10, Defendant Doe Institution 1-10, had/has access to and knowledge of information regarding the sexual misconduct of professors, teachers, employees and/or agents, including knowledge of pedophilia and/or sexually abusive conduct of individuals within The Trustees of Princeton d/b/a Princeton University and/or institution, including defendant, Michael Ryan.

13. At all relevant times, defendants, The Trustees of Princeton d/b/a Princeton University, Michael Ryan, Defendant Doe 1-10, Defendant Doe Institution 1-10 in this action were acting by and through themselves in their individual capacities, and/or additionally by and through their actual and/or ostensible/aided agents, servants, founders, employees, which include entities and/or individuals over whom they had control or right of control.

14. At all times material hereto, Defendant, Michael Ryan was acting as a professor, teacher, employee, agent, servant, representative and/or ostensible/aided agent hired, certified, assigned, retained, supervised, managed, overseen, directed, administrated, and/or otherwise controlled by and for one or more of the Defendants, The Trustees of Princeton d/b/a Princeton University, Defendant Doe 1-10, Defendant Doe Institution 1-10, and was engaged to perform services for the Defendants, The Trustees of Princeton d/b/a Princeton University, Defendant Doe 1-10, Defendant Doe Institution 1-10, and was subject to the Defendant, The Trustees of Princeton d/b/a Princeton University, Defendant Doe 1-10, Defendant Doe Institution 1-10's oversight, supervision, management, direction, control, ostensible/aided control, and/or right to control the physical conduct required to perform such services.

15. The defendants, The Trustees of Princeton d/b/a Princeton University, Defendant Doe 1-10, Defendant Doe Institution 1-10, were the principals of Michael Ryan, and the defendants, The Trustees of Princeton d/b/a Princeton University, Defendant Doe 1-10, Defendant Doe Institution 1-10, acted only through the natural persons who were its professor, teacher, employees, agents, servants, representatives, and/or ostensible/aided agents hired, certified, assigned, retained, supervised, managed, overseen, directed, administrated, and/or otherwise controlled by and for said defendants.

16. Defendant, Michael Ryan acted as the professor, teacher, employee, agent, servant, representative, and/or ostensible/aided agent of the defendants, The Trustees of Princeton d/b/a Princeton University, Defendant Doe 1-10, Defendant Doe Institution 1-10, acted negligently while in the scope of his duties or authority, such that the negligence as a matter of law charged to the principal, The Trustees of Princeton d/b/a Princeton University, Defendant Doe 1-10, and Defendant Doe Institution 1-10.

17. At all times material hereto, the defendants, The Trustees of Princeton d/b/a Princeton University, Defendant Doe 1-10, Defendant Doe Institution 1-10, are deemed negligent for the wrongdoing to the same extent as the employer, employee, agent, servant, representative, and/or ostensible/aided agent, Michael Ryan.

18. Defendants, The Trustees of Princeton d/b/a Princeton University, Defendant Doe 1-10, Defendant Doe Institution 1-10, through its professors, teachers, employees, directors, agents, and servants, had authority and responsibility to address discrimination and harassment (sexual or otherwise) and to institute corrective measures, and who had actual or constructive knowledge of harassment and discrimination in the University, and who despite such knowledge, failed to adequately respond to stop harassment and discrimination against the plaintiff and took affirmative steps which resulted directly in severe sexual harassment and discrimination of the plaintiff.

19. Defendants, The Trustees of Princeton d/b/a Princeton University, Defendant Doe 1-10, Defendant Doe Institution 1-10, were responsible for promulgation and enforcement of all policies, customs and practices for the University.

20. Plaintiff, Laura K. Moretz (then using her maiden name Laura Knight), was a student at defendant, The Trustees of Princeton d/b/a Princeton University from 1978-1982.

21. Plaintiff, Laura K. Moretz, suffered extraordinary and severe harm due to the sexual abuses committed in 1980 by defendant, Michael Ryan and the sexually hostile/abusive environment at The Trustees of Princeton d/b/a Princeton University that was created by defendants, The Trustees of Princeton d/b/a Princeton University and/or Michael Ryan, which the defendants failed to correct and/or properly address despite their actual and/or constructive knowledge thereof and due to the negligence outlined below.

22. Before and/or during 1980, defendants, The Trustees of Princeton d/b/a Princeton University, Defendant Doe 1-10, Defendant Doe Institution 1-10, actually knew and/or had reason to know that defendants, Michael Ryan, engaged in a sexual offense of flagrantly lewd and inappropriate conduct and/or sexual abuse which would violate the laws of New Jersey.

23. Defendants, The Trustees of Princeton d/b/a Princeton University, Defendant Doe 1-10, Defendant Doe Institution 1-10, failed to take appropriate actions to protect plaintiff against sexual harassment/abuse at The Trustees of Princeton d/b/a Princeton University despite having actual and/or constructive notice of the past lewd and/or inappropriate conduct and/or sexual abuse by defendants, Michael Ryan all in violation of the rights guaranteed to plaintiff by the laws of New Jersey.

24. Defendants, The Trustees of Princeton d/b/a Princeton University, Michael Ryan, Defendant Doe 1-10, Defendant Doe Institution 1-10, acted individually and through its employees and agents whose names and identities are not currently known, all of which acted with actual or apparent authority and all of whom aided in carrying out and/or permitting the sexual harassment/abuse of the plaintiff by the actions and inactions of defendants.

25. Defendants, The Trustees of Princeton d/b/a Princeton University, Defendant Doe 1-10, Defendant Doe Institution 1-10, acting through its administrators, and other employees and agents, knew and/or should have known about the specific misconduct and sexual harassing conduct committed by defendant, Michael Ryan, and was deliberately or recklessly indifferent to this conduct, as demonstrated by the specific failures described below, thereby exposing and continuing to expose students in general, and plaintiff in particular, to a sexually hostile environment.

26. Defendants, The Trustees of Princeton d/b/a Princeton University, Defendant Doe 1-10, Defendant Doe Institution 1-10, should have been aware of the misconduct and sexual harassment committed by defendant, Michael Ryan.

27. Defendants, through their actions and inactions described herein, and through a pattern of deliberate and/or reckless indifference, created and permitted a severe, pervasive, and persistently sexually hostile environment.

28. The indifference of defendants, The Trustees of Princeton d/b/a Princeton University, Defendant Doe 1-10, Defendant Doe Institution 1-10, to the risks posed by defendant, Michael Ryan, and its affirmative acts created and/or permitted the opportunity for Michael Ryan commit sexual abuses of plaintiff, which resulted in a sexually hostile environment.

29. Venue is properly laid in the Superior Court of Mercer County, New Jersey pursuant to R.4:3-2(a) and/or (b).

**FACTUAL SUMMARY**

30. At all times material hereto, Laura K. Moretz (maiden name Laura Knight) (DOB: 10/01/1960) was a teenager, and was nineteen (19) years old in the spring of 1980.

31. At all times material hereto, defendant, Michael Ryan was a professor, teacher, and/or poet educator at Princeton University in Princeton, New Jersey.

32. In the fall of 1979, Laura K. Moretz, a sophomore, submitted a few poems to the Princeton Creative Writing Department with the hope that she could get into a spring writing workshop.

33. Laura was accepted in the spring writing workshop and assigned a workshop section. Then, a friend told Laura that a new award-winning poet, Prof. Michael Ryan, had the best writing workshop and that Laura should try to get into Prof. Ryan's workshop section.

34. Subsequently, Laura went to the bookstore and bought a copy of Prof. Michael Ryan's book that won the poetry honor. In his poems, Prof. Ryan wrote about his father, who had died - just like Laura's father who had recently passed away. Laura related to the raw pain, grief, and depression expressed in Prof. Ryan's poetry. Laura's father had died a year and a half before and the commonalities of expressed grief and pain solidified Laura's desire to enroll in Prof. Ryan's workshop section. Accordingly, the Department administrator advised Laura that she could ask Prof. Ryan to switch to his workshop section by going to his office hours and asking him.

35. In the spring semester of 1980, Laura went to Prof. Ryan's office to ask Prof. Ryan if she could switch to his workshop section at the recommendation of a friend. Prof. Ryan, seemingly uninterested in Laura's request, stared, uncomfortably, at Laura before affirming her request to switch to his workshop section. Prof. Ryan then instructed Laura to attend the first class.

36. During the first class, Prof. Ryan reviewed his course requirements, such as, poem submissions to be mimeographed for critique every week, keeping a journal on readings and ideas, frequent one-on-one conferences with Prof. Ryan, and students to attend at least two literary readings offered on Princeton University's campus that semester and write about it in their journals.

37. Shortly thereafter, Laura had her first one-on-one conference with Prof. Ryan. During the conference, Prof. Ryan had a searing stare. He indifferently inquired about the substance of Laura's poem, particularly the loss of Laura's father. Prof. Ryan crassly critiqued Laura's amateur poem, then in a strange turn of events told Laura: *"I'd like to feel your energy."* Laura felt awkward and unsure of how to respond, so she said nothing.

38. Breaking the awkward silence and stare, Prof. Ryan asked Laura out to for drinks. Laura hesitantly accepted and agreed to meet Prof. Ryan at the University's "front gate" the following evening.

39. The following evening, Prof. Ryan arrived at the front gate in his red sports car, despite plenty of local bars located within walking distance of the campus. Although unsure of the destination, Laura got into the vehicle with Prof. Ryan and Prof. Ryan, passed the local bars and drove Laura to his apartment.

40. Once in the apartment, Prof. Ryan instructed Laura to sit on the couch as he poured white wine for the both of them. Prof. Ryan joined Laura on the couch and placed the wine glasses on the coffee table. Intimidated by the unequal power dynamic and discrepancy between the two of them, and inexperienced with such circumstances as a teenager, Laura felt unable to voice any protest to the situation.

41. Then, Prof. Ryan pulled the phone jack out of the wall. Laura panicked internally and drowned her fear with steady sips of wine.

42. Prof. Ryan and Laura exchanged superficial family histories and Prof. Ryan manipulated and groomed Laura under the guise of emotional intimacy, exploiting Laura's vulnerability by attempting to express empathy through alleged shared experiences, such as Prof. Ryan professing to be *"lonely"* or feeling *"guilty"* for being estranged from his family or dangling romance by claiming he *"wanted to be married."*

43. Prof. Ryan poured more wine into Laura's glass and again she drank it quickly. Thereafter, Prof. Ryan and Laura sat on the floor in front of the couch.

44. Prof. Ryan then took Laura's wine glass from her hand and pressed his mouth against Laura's.

45. Next, Prof. Ryan abruptly and inappropriately removed Laura's sweater, unbuttoned her shirt, and removed her jeans while Laura was frozen with fright. It all happened quickly and too fast for Laura, and Laura could not speak. Although silent, Laura's body protested in a rigid reflex which Prof. Ryan ignored and/or dismissed without comment.

46. Prof. Ryan carried Laura to his bed, pushed her down, pressed his torso on top of her, and pinned her to the bed. Prof. Ryan penetrated Laura's vagina as Laura repeatedly, cried, "No, no, no…" to no avail. Despite Laura's emphatic protest, Prof. Ryan continued to forcibly penetrate and sexually abuse Laura.

47. As Prof. Ryan continued to forcibly penetrate Laura for what seemed to persist for an excruciatingly long length of time, Laura went insider herself and disassociated until the sexual abuse stopped.

48. When Prof. Ryan finally stopped the sexual abuse, Laura could not stop sobbing. Prof. Ryan brought Laura a glass of water and went to sleep as Laura watched, afraid and pinned against the wall.

49. About an hour later, Prof. Ryan woke up and took Laura back to her dormitory. The ride was silent, except when she directed Prof. Ryan to campus entrance closest to her dormitory. As Laura, exited Prof. Ryan's vehicle, Prof. Ryan unabashedly said to Laura: *"I want to see you again."*

50. Laura was confused by the sexual abuse by Prof. Ryan and internally questioned: how could this happen?; how could she stay in his class?; to whom could she report this?; who would believe her?; should she just try to pretend the sexual abuse had not happened; or was there a way to rewrite what has occurred?

51. Days later, Prof. Ryan called, although Laura had never given Prof. Ryan her phone number. He asked Laura over to his apartment. In a misguided effort to regain some control of her personal narrative, Laura agreed.

52. Once at the apartment, Prof. Ryan offered Laura marijuana and they both smoked.

53. In an effort to reclaim her power, Laura consented to sex with Prof. Ryan; however, Prof. Ryan sniffed out Laura's vulnerability and mocked Laura's sexual immaturity and further humiliated her.

54. Laura endured Prof. Ryan for the remainder of the semester and passed his class.

55. The sexual abuse of Laura K. Moretz by Prof. Michael Ryan occurred on one occasion in 1980.

56. Michael Ryan sexually abused Laura in the same type and manner of abuse described and outlined above.

57. The sexual abuse by Michael Ryan of Laura K. Moretz, included, inappropriately kissing, fondling, groping and/or touching of the teenage student, Laura K. Moretz, unwanted sexual contact, and forcible sexual intercourse without consent.

58. It is further believed that plaintiff was abused in additional ways and/or on additional occasions, but has emotionally suppressed partially and/or in whole these additional details and/or episodes of abuse.

59. Prof. Michael Ryan engaged in a calculated series of manipulation and grooming of Plaintiff as described and outlined above.

60. Michael Ryan sexually abused and molested plaintiff, Laura K. Moretz while she was a sophomore student during the period described above.

61. During Michael Ryan's tenure as a professor, teacher, employee, agent, servant, representative and/or ostensible/aided agent hired, certified, assigned, retained, supervised, managed, overseen, directed, administrated, and/or otherwise controlled by and for one or more of the defendants, The Trustees of Princeton d/b/a Princeton University, Defendant Doe 1-10, and Defendant Doe Institution 1-10, Michael Ryan was a serial molester and sexual abuser, including plaintiff, Laura K. Moretz.

62. Defendant, Michael Ryan, committed his acts of sexual abuse and molestation against plaintiff, Laura Moretz, in and around Princeton, New Jersey.

63. Michael Ryan's sexual abuse of plaintiff, Laura K. Moretz included, but was not limited to, inappropriately kissing, fondling, groping and/or touching of the teenage student, Laura K. Moretz, unwanted sexual contact, and forcible sexual intercourse without consent

64. At all material times hereto, defendants, The Trustees of Princeton d/b/a Princeton University, Doe 1-10, Defendant Doe Institution 1-10, knew or should have known that Michael Ryan sexually abused student and/or was not fit to serve as professor, teacher, employee, agent, servant, representative and/or ostensible/aided agent.

65. At all material times hereto, defendants, The Trustees of Princeton d/b/a Princeton University, Defendant Doe 1-10, Defendant Doe Institution 1-10, knew or should have known that Michael Ryan had been and/or was abusing plaintiff and/or other students at The Trustees of Princeton d/b/a Princeton University , and other locations visited by and/or related to The Trustees of Princeton d/b/a Princeton University 's activities, events, and/or duties.

66. At all material times hereto, defendants, The Trustees of Princeton d/b/a Princeton University, Defendant Doe 1-10, Defendant Doe Institution 1-10, took no action and/or or failed to timely and adequately take action to warn or otherwise protect students of The Trustees of Princeton d/b/a Princeton University, Defendant Doe 1-10, Defendant Doe Institution 1-10, including plaintiff, from defendant, Michael Ryan.

67. At all times material hereto, as a result of the sexual abuse perpetrated by Michael Ryan, Laura felt and/or continues to feel enormous shame, humiliation, anger, and embarrassment.

68. At all times material hereto, as a result of the sexual abuse perpetrated by Michael Ryan, Laura suffered from difficultly navigating intimate relationships and vulnerability. She has experienced difficulties when involved in relationships and attempting to be intimate and/or vulnerable in the context of these relationships.

69. At all times material hereto, as a result of the sexual abuse perpetrated by Michael Ryan, Laura suffered great permanent harm, including, but not limited to, the following: severe emotional distress, extreme trauma, depression, anxiety, post-traumatic stress disorder, humiliation, embarrassment, fear, emotional dissociation, and/or loss of self-esteem and self-worth, all of which has and/or will continue to require counseling, therapy, and/or other treatment.

70. Also, as a result of the sexual abuse set forth above and its consequential trauma and harm, Plaintiff has suffered a severe impairment and disruption of her enjoyment of life, identity, intimacy with loved ones, and/or including, but not limited to, the impairment and disruption of her relationships with members of her family, friends, acquaintances and/or others.

71. Also, as a result of the sexual abuse set forth above and its consequential trauma and harm, the Plaintiff suffered from destructive and dysfunctional behaviors, including, but not limited to, alcohol abuse and/or other mental health issues, all of which have required and/or will require counseling, therapy, and/or other treatment.

72. Also, as a result of the sexual abuse set forth above and its consequential trauma and harm, the Plaintiff has incurred significant past loss of wages and future loss of earning capacity to her permanent detriment.

73. Plaintiff's youth, together with the power imbalance and authoritative inequity between the plaintiff and defendants, created a culture and social dynamic that weakened plaintiff's ability to resist Michael Ryan.

74. The sexual abuse set forth above and its consequential trauma and harm, in turn, caused plaintiff to suppress and/or emotionally dissociate her feelings about her traumatic experience(s), thereby exacerbating its devastating psychological, physical and social consequences.

75. Plaintiff was not fully aware of the causal relationship between the sexual abuse set forth above, and its consequential trauma and harm, until recently, and continues to endure and/or discover trauma and harm relative to the sexual abuse at the present time, which inflictions of trauma and harm shall and will continue in the future.

76. Other victims' declarations and/or revelations of their experiences with sexual abuse and corresponding damages caused by such abuse prompted Plaintiff to realize she is not alone, and to acknowledge, address, and/or discover the connection between her abuse and her corresponding emotional distress, social dysfunction and/or other damages and to speak out concerning same.

77. Now, in conformity with N.J. Stat. Section 2A:14-2a, Statute of Limitations for Action at Law resulting from Certain Sexual Crimes *[Effective December 1, 2019]*, plaintiff brings the within action for damages.

78. As alleged in greater detail herein above and/or below, all of plaintiff's harm and damages were caused by the culpable acts and/or omissions of defendants.

79. As set forth more fully herein, the negligence, gross negligence, recklessness, and/or punitive behavior of the defendants, jointly and severally, was a direct and proximate cause of harm and damages to plaintiff.

80. Plaintiff's injuries and/or damages were caused solely by the negligence, gross negligence, recklessness, and/or punitive behavior of the defendants, as set forth more fully herein, and were not caused or contributed thereto by any negligence, gross negligence, recklessness and/or punitive behavior on the part of the Plaintiff.

## COUNT I – NEGLIGENCE

**Plaintiff, Laura K. Moretz**
**v.**
**Defendants, The Trustees of Princeton d/b/a Princeton University, Michael Ryan, Defendant Doe 1-10, and Defendant Doe Institution 1-10**

81. The previous paragraphs set forth above are incorporated herein by reference.

82. The recklessness, negligence and/or carelessness of Defendants, The Trustees of Princeton d/b/a Princeton University, Michael Ryan, Defendant Doe 1-10, Defendant Doe Institution 1-10, by and through their actual or apparent professors, teachers, employees, agents, servants, representatives, and/or ostensible/aided agents hired, certified, assigned, retained, supervised, managed, overseen, directed, administrated, and/or otherwise controlled by and for said defendants, consisted of, among other things, the following:

a. Failing to properly screen professors, teachers, employees, agents, servants, representatives, and ostensible/aided agents adequately;

b. Failure to properly investigate complaints of sexual abuse and sexual harassment, inappropriate behavior and/or other abusive behavior;

c. Providing "cover" and/or rationalizations for inappropriate/abusive misconduct by applying euphemistic and false designations to and/or contrived and imagined explanations for their conduct and/or the reasons for same;

d. Minimizing, ignoring or excusing inappropriate or questionable behavior and/or misconduct by professors, teachers, employees, agents, servants, representatives, and ostensible/aided agents over a period of months, years and/or decades;

e. Failure to properly and/or adequately warn students , and/or the public at large, including, but not limited to, plaintiff and similarly situated students regarding the inappropriate behavior and/or misconduct of Michael Ryan, other defendants, and/or other abusive professors, teachers, employees, agents, servants, representatives, and/or ostensible/aided agents, despite knowledge of the dangers they presented and the harmful and complicit culture and environment created by such failures to warn;

f. Assigning professors, teachers, agents, servants, representatives, and/or ostensible/aided agents known to have engaged in questionable and/or inappropriate behavior or misconduct and/or known to be pedophiles and/or sexual predators, including but not limited to, Michael Ryan, and/or other defendants, to a position in the business where said individual(s) had/have regular contact with students;

g. Failure to report criminal activity, including sexual abuse, to appropriate law enforcement agencies;

h. Negligent failure to provide a safe environment and protective culture to students within the school, University, and/or other external locations operated, visited, and/or owned and/or operated by defendants, The Trustees of Princeton d/b/a Princeton University , Michael Ryan, Defendant Doe 1-10, Defendant Doe Institution 1-10;

i. Failure to implement and maintain proper and effective policies and procedures to prevent sexual abuse of and/or other abusive behavior toward students;

j. Negligently maintaining custody, supervision and protection of student placed in their care by virtue of their authority and solicitation of students to participate in their University and/or activities;

k. Failure to properly train professors, teachers, employees, agents, servants, representatives, and/or ostensible/aided agents to identify signs of sexual molestation or inappropriate sexually related behavior to students by fellow professors, teachers, employees, associates, and/or individuals within its control, oversight, supervision, and/or ostensible/aided control;

l. Negligent reliance on persons who claimed they could treat sexual molesters and/or sexually abusive individuals;

m. Negligent retention of and/or failure to terminate Michael Ryan, other defendants, and/or other sexually inappropriate and/or abusive individuals from or associated with The Trustees of Princeton d/b/a Princeton University , promoting a culture and environment of complicity, denial and deception regarding sexual abuse within the University;

n. Failure to exercise due care under the relevant circumstances;

o. Recklessly, negligently and/or carelessly failing to observe, manage, direct, oversee, and supervise the relationship between Plaintiff, Laura K. Moretz and Michael Ryan;

p. Recklessly, negligently and/or carelessly failing to have proper and effective policies and procedures to require adequate observation, management, oversight, and supervision of the relationship between Laura K. Moretz and Michael Ryan, and/or other defendants;

q. Recklessly, negligently and/or carelessly failing to recognize Michael Ryan's conduct and behavior prior to the events in question and/or as described herein as creating a risk of sexual abuse toward students, including, but not limited to, Laura K. Moretz;

r. Recklessly, negligently and/or carelessly failing to have proper policies and procedures to require adequate observation, management, oversight, and supervision of Laura K. Moretz and Michael Ryan, and/or other defendants;

s. Failing to investigate complaints that Michael Ryan was behaving inappropriately and/or harassing students inappropriately, including, but not limited to, Laura K. Moretz;

t. Recklessly, negligently and/or carelessly failing to identify Michael Ryan as a sexual abuser;

u. Recklessly, negligently and/or carelessly failing to investigate behavior of Michael Ryan that put the defendants on notice and/or should have placed defendants on notice that Michael Ryan was and/or might have been a potential molester and/or sexual predator;

v. Recklessly, negligently and/or carelessly failing to identify Michael Ryan was a potential molester and/or sexual predator;

w. Failure to use due care under the circumstances; and/or

x. Negligence as may be proven from facts now exclusively in the possession of defendants, which may be ascertained after the filing of this Complaint.

83. Defendants, The Trustees of Princeton d/b/a Princeton University, Michael Ryan, Defendant Doe 1-10, Defendant Doe Institution 1-10, were negligent under the facts as detailed within this complaint in that these defendants failed to use that degree of care, precaution and vigilance which a reasonably prudent person or entity would use under the same or similar circumstances, including, but not limited to, the negligent affirmative acts detailed in this complaint which a reasonably prudent person or entity would not have done, and also the negligent omission or failure to act and/or take precautions as detailed in this complaint which a reasonably prudent person or entity would have done or taken under these circumstances.

84. Michael Ryan’s actions as described herein are evidence of negligence per se in that these actions violated a provision of New Jersey Statute, known as the Child Sexual Abuse Act (“CSAA”), N.J.S.A. 2a:61b-1, et al., which statute sets up a standard of conduct that Michael Ryan violated per se.

85. Defendants, The Trustees of Princeton d/b/a Princeton University, Defendant Doe 1-10, Defendant Doe Institution 1-10, are vicariously liable for both the negligent and intentional acts of Michael Ryan, their employee(s), under the CSAA, which recognizes the vulnerability of students and demonstrates a legislative intent to protect the foregoing from victimization, and imposes responsibility upon those individuals and institutions in the best position to know of and stop the sexual abuse of students, such as the defendants herein.

**WHEREFORE,** Plaintiff, Laura K. Moretz, demands judgment against defendants, The Trustees of Princeton d/b/a Princeton University, Michael Ryan, Defendant Doe 1-10, Defendant Doe Institution 1-10, jointly and severally, in an amount in excess of Fifty Million Dollars ($50,000,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, attorney's fees, and such other legal and equitable relief as the Court deems appropriate.

## COUNT II – NEGLIGENT SUPERVISION

**Plaintiff, Laura K. Moretz**
**v.**
**Defendants, The Trustees of Princeton d/b/a Princeton University, Michael Ryan, Defendant Doe 1-10, and Defendant Doe Institution 1-10**

86. The previous paragraphs set forth above are incorporated herein by reference.

87. Defendants, The Trustees of Princeton d/b/a Princeton University, Defendant Doe 1-10, Defendant Doe Institution 1-10, knew or should have known of the need to properly and effectively observe, manage, direct, oversee, and/or supervise professors, teachers, employees, agents, servants, representatives, and/or ostensible/aided agents in their relationships with young students.

88. Defendants, The Trustees of Princeton d/b/a Princeton University, knew or should have known of the particular risk posed by Michael Ryan based on, among other things, his inappropriate and/or questionable conduct, his history of sexual abuse, and/or his behavior indicative of an intent to isolate, groom, and/or facilitate sexually contacting and/or abusing a vulnerable, young students, included, but was not limited to, inappropriately kissing, fondling, groping and/or touching of the teenage student, Laura K. Moretz, unwanted sexual contact, and forcible sexual intercourse without consent.

89. Michael Ryan's sexual abuse of plaintiff gradually increased in frequency and intensity over time and included, but was not limited to, inappropriately kissing, fondling, groping and/or touching of the teenage student, Laura K. Moretz, unwanted sexual contact, and forcible sexual intercourse without consent.

90. The negligence, carelessness, and/or reckless disregard of Defendants, The Trustees of Princeton d/b/a Princeton University, Defendant Doe 1-10, Defendant Doe Institution 1-10, for the conduct of their actual or apparent professors, teachers, employees, agents, servants, representatives, and/or ostensible/aided agents, in the hiring, certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of Michael Ryan consists of one or more of the following:

a. Negligent hiring, certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of individuals in the employ of The Trustees of Princeton d/b/a Princeton University;

b. Failing to use due care in hiring, certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of Michael Ryan and his respective relationship with plaintiff, Laura K. Moretz; and

c. Failing to investigate and supervise Michael Ryan and his relationship with Laura K. Moretz.

**WHEREFORE,** Plaintiff, Laura K. Moretz, demands judgment against Defendants, The Trustees of Princeton d/b/a Princeton University, Michael Ryan, Defendant Doe 1-10, Defendant Doe Institution 1-10, jointly and severally, in an amount in excess of Fifty Million Dollars ($50,000,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, attorney's fees, and such other legal and equitable relief as the Court deems appropriate.

## COUNT III – NEGLIGENT HIRING AND RETENTION

**Plaintiff, Laura K. Moretz**
**v.**
**Defendants, The Trustees of Princeton d/b/a Princeton University, Michael Ryan,**
**Defendant Doe 1-10, and Defendant Doe Institution 1-10**

91. The previous paragraphs set forth above are incorporated herein by reference.

92. Defendants, The Trustees of Princeton d/b/a Princeton University, Defendant Doe 1-10, Defendant Doe Institution 1-10, knew and/or should have known prior to and/or contemporaneous with the relevant time frame during which Laura K. Moretz was sexually abused by Michael Ryan that plaintiff and other students affiliated and/or associated with the school/ University were vulnerable to and potential victims of sexual abuse.

93. Defendants, The Trustees of Princeton d/b/a Princeton University, Defendant Doe 1-10, Defendant Doe Institution 1-10, also knew and/or should have known prior to and/or contemporaneous with the relevant time frame during which Laura K. Moretz was sexually abused by Michael Ryan that the access to vulnerable student, together with the trust and authority placed in his position, makes the position an enticing vocation to sexual molesters, sexual predators, and/or others seeking to abuse and exploit young students.

94. Defendants, The Trustees of Princeton d/b/a Princeton University, Defendant Doe 1-10, Defendant Doe Institution 1-10, owed a duty to exercise reasonable care in the hiring, certifying, assignment, control, selection and/or retention of employees, agents, servants, representatives, and/or ostensible/aided agents, situated in and/or located at the Defendants, The Trustees of Princeton d/b/a Princeton University, Defendant Doe 1-10, Defendant Doe Institution 1-10, and specifically a duty to be on high look out for possible sexual molesters, sexual predators, and others seeking to abuse and exploit young students.

95. Defendants, The Trustees of Princeton d/b/a Princeton University, Defendant Doe 1-10, Defendant Doe Institution 1-10, failed to exercise reasonable care in the hiring, certifying, assignment, control, selection and/or retention of Michael Ryan as a professor, teacher, employee, agent, servant, representative, and/or ostensible/aided agent, among other things, the following:

a. Failing to conduct a thorough and proper background check of Michael Ryan;

b. Failing to thoroughly and reasonably investigate Michael Ryan's sexual history;

c. Failing to learn of or investigate Michael Ryan's history of sexual impropriety with young girls and his proclivity to sexually abuse young girls;

d. Failing to conduct a thorough and proper interview with Michael Ryan;

e. Failing to investigate whether Michael Ryan had any inappropriate sexual interest in young girls;

f. Failing to use due care in the selection of Michael Ryan as professor, teacher, rendering services, and interacting with young students;

g. Failing to use due care in the retention of Michael Ryan as a professor, teacher, and/or providing service near young vulnerable students;

h. Recklessly, negligently and/or carelessly failing to adequately check Michael Ryan's background, before employment and/or entrustment with teaching young students;

i. Recklessly, negligently and/or carelessly failing to have policies and procedures in place to screen individuals for the possibility of being sexual predators.

**WHEREFORE,** Plaintiff, Laura K. Moretz, demands judgment against Defendants, The Trustees of Princeton d/b/a Princeton University, Defendant Doe 1-10, Defendant Doe Institution 1-10, jointly and severally, in an amount in excess of Fifty Million Dollars ($50,000,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, attorney's fees, and such other legal and equitable relief as the Court deems appropriate.

## COUNT IV – GROSS NEGLIGENCE

**Plaintiff, Laura K. Moretz**
**v.**
**Defendants, The Trustees of Princeton d/b/a Princeton University, Michael Ryan, Defendant Doe 1-10, and Defendant Doe Institution 1-10**

96. The previous paragraphs set forth above are incorporated herein by reference.

97. Defendants, The Trustees of Princeton d/b/a Princeton University, Michael Ryan, Defendant Doe 1-10, Defendant Doe Institution 1-10, were grossly negligent under the facts as detailed within this Complaint in that these defendants acted or failed to act: with complete disregard of the rights, safety, and well-being of others; in a palpably unreasonable manner; in an outlandish fashion; with discriminatory behavior; and/or failed to exercise slight care or diligence under these circumstances.

**WHEREFORE,** Plaintiff, Laura K. Moretz, demands judgment against Defendants, The Trustees of Princeton d/b/a Princeton University, Michael Ryan, Defendant Doe 1-10, Defendant Doe Institution 1-10, jointly and severally, in an amount in excess of Fifty Million Dollars ($50,000,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, attorney's fees, and such other legal and equitable relief as the Court deems appropriate.

## COUNT V – RECKLESS DISREGARD INFLICTION OF EMOTIONAL DISTRESS

**Plaintiff, Laura K. Moretz**
**v.**
**Defendants, The Trustees of Princeton d/b/a Princeton University, Michael Ryan, Defendant Doe 1-10, and Defendant Doe Institution 1-10**

98. The previous paragraphs set forth above are incorporated herein by reference.

99. The actions and/or inactions of Defendants, The Trustees of Princeton d/b/a Princeton University, Michael Ryan, Defendant Doe 1-10, Defendant Doe Institution 1-10, jointly, severally, and/or through the conduct of Michael Ryan inflicted emotional distress upon plaintiff in that defendants acted with reckless disregard, in that their actions were done with reckless disregard to a high degree of probability that such behavior would cause emotional distress.

100. The actions and/or inactions of Defendants, The Trustees of Princeton d/b/a Princeton University, Michael Ryan, Defendant Doe 1-10, Defendant Doe Institution 1-10, jointly, severally, and/or

through the conduct of Michael Ryan, against plaintiff were extreme and outrageous; with discriminatory behavior; so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and are regarded as atrocious and utterly intolerable in our civilized community.

101. The actions and/or inactions of Defendants, The Trustees of Princeton d/b/a Princeton University, Michael Ryan, Defendant Doe 1-10, Defendant Doe Institution 1-10, jointly, severally, and/or through the conduct of Michael Ryan, was the direct and/or proximate cause of emotional distress to the plaintiff, which was so severe that no reasonable person could be expected to endure such distress.

102. The conduct of Defendants The Trustees of Princeton d/b/a Princeton University, Michael Ryan, Defendant Doe 1-10, Defendant Doe Institution 1-10, jointly, severally, and/or through the conduct of Michael Ryan was sufficiently severe to cause genuine and substantial emotional distress and/or mental harm to the average person, including the plaintiff.

103. Defendants, The Trustees of Princeton d/b/a Princeton University, Defendant Doe 1-10, Defendant Doe Institution 1-10, are vicariously liable for the damages caused by Michael Ryan's reckless disregard infliction of emotional distress upon the plaintiff.

**WHEREFORE,** Plaintiff, Laura K. Moretz, demands judgment against Defendants, The Trustees of Princeton d/b/a Princeton University, Michael Ryan, Defendant Doe 1-10, Defendant Doe Institution 1-10, jointly and severally, in an amount in excess of Fifty Million Dollars ($50,000,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, attorney's fees, and such other legal and equitable relief as the Court deems appropriate.

## COUNT VI – BREACH OF FIDUCIARY DUTY

**Plaintiff, Laura K. Moretz**
**v.**
**Defendants, The Trustees of Princeton d/b/a Princeton University, Michael Ryan, Defendant Doe 1-10, and Defendant Doe Institution 1-10**

104. The previous paragraphs set forth above are incorporated herein by reference.

105. By virtue of their status as professor teacher, educator and/or authorities, Defendants, The Trustees of Princeton d/b/a Princeton University, Michael Ryan, Defendant Doe 1-10, Defendant Doe Institution 1-10, bore a fiduciary relationship to plaintiff and other students and persons within and/or affiliated, employed, and/or near the school/University.

106. Defendants, The Trustees of Princeton d/b/a Princeton University, Michael Ryan, Defendant Doe 1-10, Defendant Doe Institution 1-10, had fiduciary duties to avoid harming students and to protect them from harm at the hands of professors, teachers, employees, agents, servants, representatives, and/or ostensible/aided agents hired, certified, assigned, retained, supervised, managed, overseen, directed, administrated, and/or otherwise controlled by and for said defendants.

107. Defendants breached their fiduciary duties by acting or failing to act in accordance with their fiduciary duties and/or as alleged in this Complaint.

108. Plaintiff suffered the above-averred harms and damages as a result of Defendants, The Trustees of Princeton d/b/a Princeton University, Michael Ryan, Defendant Doe 1-10, Defendant Doe Institution 1-10, breach of their fiduciary duty.

**WHEREFORE,** Plaintiff, Laura K. Moretz, demands judgment against Defendants, The Trustees of Princeton d/b/a Princeton University, Michael Ryan, Defendant Doe 1-10, Defendant Doe Institution 1-10, jointly and severally, in an amount in excess of Fifty Million Dollars ($50,000,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, attorney's fees, and such other legal and equitable relief as the Court deems appropriate.

## COUNT VII – PUNITIVE DAMAGES

**Plaintiff, Laura K. Moretz**
**v.**
**Defendants, The Trustees of Princeton d/b/a Princeton University, Michael Ryan, Defendant Doe 1-10, and Defendant Doe Institution 1-10**

109. The previous paragraphs set forth above are incorporated herein by reference.

110. The aforesaid acts of defendants, The Trustees of Princeton d/b/a Princeton University, Michael Ryan, Defendant Doe 1-10, and/or Defendant Doe Institution 1-10, were committed in outrageous and wanton disregard for the safety, protection, and well-being of students, including the plaintiff, and including, but not limited to discriminatory behavior; and overall behavior so beyond the pale warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff, Laura K. Moretz, demands judgment against Defendants, The Trustees of Princeton d/b/a Princeton University, Michael Ryan, Defendant Doe 1-10, Defendant Doe Institution 1-10, jointly and severally, for punitive damages and such other legal and equitable relief as the Court deems appropriate.

**LEVY, BALDANTE, FINNEY, & RUBENSTEIN, P.C.**

By: /s/ John W. Baldante
John W. Baldante, Esquire
Attorney for Plaintiff, Laura K. Moretz

DATED: November 4, 2021

## JURY TRIAL

**PLEASE TAKE NOTICE** that plaintiff, Laura K. Moretz, demands a trial by jury on all issues raised herein.

**LEVY, BALDANTE, FINNEY, & RUBENSTEIN, P.C.**

By: /s/ John W. Baldante
John W. Baldante, Esquire
Attorney for Plaintiff, Laura K. Moretz

DATED: November 4, 2021

## DESIGNATION OF TRIAL COUNSEL

**PLEASE BE NOTIFIED** that pursuant to Rule 4:25-4, John W. Baldante, Esquire is hereby designated as trial counsel in the aforementioned litigation on behalf of the law firm of Levy, Baldante, Finney, & Rubenstein, P.C.

**LEVY, BALDANTE, FINNEY, & RUBENSTEIN, P.C.**

By: /s/ John W. Baldante
John W. Baldante, Esquire
Attorney for Plaintiff, Laura K. Moretz

DATED: November 4, 2021

**CERTIFICATION PURSUANT TO RULE 4:5-1**

The matter in controversy in this case is not subject to any other action pending in any Court or arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

**LEVY, BALDANTE, FINNEY, & RUBENSTEIN, P.C.**

By: /s/ John W. Baldante
John W. Baldante, Esquire
Attorney for Plaintiff, Laura K. Moretz

DATED: November 4, 2021

**CERTIFICATION**

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**LEVY, BALDANTE, FINNEY, & RUBENSTEIN, P.C.**

By: /s/ John W. Baldante
John W. Baldante, Esquire
Attorney for Plaintiff, Laura K. Moretz

DATED: November 4, 2021

# EXHIBIT "A"

The Daily PRINCETONIAN

V, No. 65 Princeton, New Jersey, Monday, May 11, 1981 © 1981 The Daily Princetonian (USPS 144-960) 15 cents

# Professor leaves abruptly; sexual harassment claimed

Copyright 1981 The Daily Princetonian

By STONA J. FITCH

Michael Ryan, an award-winning poet and popular lecturer, has left the university abruptly following allegations that he made improper sexual advances on female undergraduates, The Daily Princetonian has learned.

Ryan, 35, who has published two critically acclaimed books, had just weeks left to serve on his second one-year contract when he departed, according to sources with direct knowledge.

Officials in Nassau Hall and West College refused comment on Ryan's sudden — and unscheduled — departure. But students and professors in his department confirmed he is gone, and creative writing program director Edmund L. Keeley acknowledged that departures before the end of a semester are unusual.

Sources close to the Women's Center said two female undergraduates complained about separate incidents involving Ryan to center director Lila Karp in March.

They were referred to Dean of the Faculty Aaron Lemonick GS '54 and Dean of the College Joan S. Girgus, who, the sources said, conducted an investigation.

One undergraduate, according to sources, told the deans that Ryan had driven her to his Cherry Valley Road apartment, talked with her over wine, and then made unwanted attempts to seduce her.

When the woman asked to leave and Ryan tried to dissuade her, according to the account given the deans, the woman is said to have become highly distraught and insisted he take her home.

Details of the second woman's complaint were unavailable.

On Monday, April 27, students arriving for Ryan's afternoon poetry seminar found a note on the door saying — without explanation — that Ryan would not be teaching his remaining workshops as planned. Program officials told the students they should address any academic questions to professor James Richardson.

"Those requesting conferences should leave copies of all poems they have written this semester in Mr. Richardson's mail box at least 24 hours in advance," states an April 27 memorandum to Ryan's students made available to The Daily Princetonian.

Said Ruth Carden, creative writing administrative coordinator, "As of last Monday (the 27th), Michael Ryan is no longer at the university."

The winner of a prestigious Guggenheim Fellowship, Ryan would have been away from Princeton next fall in any event.

Ryan, a popular workshop leader and junior faculty member, instructed classes this spring in Poetry 202 and 302 and English 321. He came to Princeton from teaching posts at the University of Iowa, Southern Methodist University and Goddard College.

Out of town without an available forwarding address, Ryan has been unavailable for comment for at least a week.

No one was answering his Princeton telephone last week, and creative writing officials and other acquaintances said they do not know how to reach him.

Peter Knipe, a Princeton attorney who said Ryan is his client, also denied knowing his whereabouts.

"He's not going to comment to you, and I have no intention of commenting to you," Knipe said.

Lemonick, interviewed twice in his Nassau Hall office, would not confirm or deny that he had investigated charges of improper sexual advances by Ryan or any other professor.

"I will *not* discuss the case of any individual,"

(Continued on page two)



**el Ryan, inset, overlooks a randum sent to his ts after his unscheduled ure from the university.**

Owl Books

ceton University CREATIVE WRITING PROGRAM
185 NASSAU STREET
PRINCETON, NEW JERSEY 08540
(609) 452-4712

April 27, 1981

Students in Michael Ryan's workshops are expected to submit their notebooks to Ruth Carden in the Program office not later than May 15. Notebooks must include the final assignment: 5 poems copied by hand from 6 volumes; 5 poems from Western Wind.

Students wishing conferences with Professor Richardson should sing up in the office for an appointment. Those requesting conferences should leave copies of all poems they have written this semester in Mr. Richardson's mail box at least 24 hours in advance of the conference appointment and indicate which poems they would most like to discuss.

...not all that is hot, Saturd...
...N CAL... ...y. Co-capta... ...ion careers wi...

$3.85/hr.



NASSAU
SHOE REPAIR
180 Nassau St. (rear)
921-7552

tremendous success.

• Don't forget our barbecue, tonight at 5:30 on Cannon Green.

yesterday's contest to be equally close.

Giscard d'Estaing conceded defeat just minutes after the last polls closed at 8 p.m. (2 p.m. EDT) and the four computer projections

Mostly cloudy with periods of rain and possibly a few thundershowers. Highs 16 to 19 C (60 to 67 F). Variable cloudiness, breezy and mild tonight and tomorrow.

# Ryan leaves after allegations

(Continued from page one)

Lemonick said.

He acknowledged he would have had a major role had any faculty member been disciplined.

"I'm the funnel for all such actions," Lemonick said, adding that he was speaking only hypothetically. President Bowen, he said, would have to approve any final decision.

University Counsel Thomas H. Wright '62, who a knowledgeable source said has been deeply agitated by the Ryan case, also agreed to speak only in hypotheticals.

"Sexual harassment is not a major problem on this campus," he said, "but there have been instances of it."

"It is clear," he said, "that it's a violation of teaching ethics for a professor to sexually harass students." Sexual harassment, he said, means "unwelcome sexual advances."

Even sexual relations by consent between a student and professor, Wright said, are "an abuse of the position of a teacher."

According to *Rules and Procedures of the Faculty*, a faculty member may be dismissed or otherwise disciplined for "conduct which is shown to violate the University rules . . . or substantially to impair the individual's performance of the full range of his or her responsibilities as a member of the faculty."

Sources close to the case report that the students who complained about Ryan are satisfied with the university's response.

Still, the university has to date not only refused comment on Ryan's departure but discouraged others from talking about it.

Nearly everyone who agreed to talk about the case was unwilling to be quoted by name.

"This is a very sensitive issue," said one source close to the creative writing program. "You're talking about a man's career."

WHIG-CLIO presents

...HO DELUXE
Bridges
Waterston
Pickins
...porary western with ...eous and wonderful ...ay. Two restless ...cklessly rustle cattle ...en throughout the ...t.
...:00; Wed. 11:15

Francois Truffaut's
THE BRIDE WORE BLACK
Tues. 11:15
Wed. 9:00



Also:
HARDWARE WARS
11:00 both nights

...each or $3/night — at Whig Hall — Free to members

THIS TUESDAY
Department of History

Published five times per week, Monday thru Friday during the college year, except during

# Civil Case Information Statement

## Case Details: MERCER | Civil Part Docket# L-002291-21

**Case Caption:** MORETZ LAURA VS THE TRUSTEES OF PRIN CETON
**Case Initiation Date:** 11/04/2021
**Attorney Name:** JOHN W BALDANTE
**Firm Name:** LEVY BALDANTE FINNEY
**Address:** 89 NORTH HADDON AVE., STE D
HADDONFIELD NJ 08033
**Phone:** 8564248967
**Name of Party:** PLAINTIFF : Moretz, Laura, K
**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** CIVIL RIGHTS
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Laura K Moretz? YES**
**Plaintiff's date of birth: 10/01/1960**
**Est. date of first incident of abuse: 01/01/1980**

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Other(explain) Teacher/Student

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

11/04/2021
Dated

/s/ JOHN W BALDANTE
Signed

# Exhibit B

# Case Summary

**Case Number:** MER L-002291-21

**Case Caption:** Moretz Laura Vs The Trustees Of Prin Ceton

**Court:** Civil Part
**Venue:** Mercer
**Case Initiation Date:** 11/04/2021
**Case Type:** Civil Rights
**Case Status:** Active
**Jury Demand:** 12 Jurors
**Case Track:** 3
**Judge:** Douglas H Hurd
**Team:** 50
**Original Discovery End Date:**
**Current Discovery End Date:**
**# of DED Extensions:** 0
**Original Arbitration Date:**
**Current Arbitration Date:**
**# of Arb Adjournments:** 0
**Original Trial Date:**
**Current Trial Date:**
**# of Trial Date Adjournments:** 0
**Disposition Date:**
**Case Disposition:** Open
**Statewide Lien:**

## Plaintiffs

**Laura K Moretz**

**Party Description:** Individual
**Attorney Name:** John W Baldante
**Address Line 1:** 4861 Winchelsea Road
**Address Line 2:**
**Attorney Bar ID:** 031391983
**City:** Winston Salem
**State:** NC
**Zip:** 27104
**Phone:**
**Attorney Email:** BALDANTE@LEVYBALDANTE.COM

## Defendants

**Michael Ryan**

**Party Description:** Individual
**Attorney Name:**
**Address Line 1:** 16 Virgil Court
**Address Line 2:**
**Attorney Bar ID:**
**City:** Irvine
**State:** CA
**Zip:** 92617
**Phone:**
**Attorney Email:**

**The Trustees Of Princeton AKA The Trustees Of Princeton D/B/A Princeton University**

**Party Description:** Business
**Attorney Name:**
**Address Line 1:** New South Building
**Address Line 2:** 4Th Floor
**Attorney Bar ID:**
**City:** Princeton
**State:** NJ
**Zip:** 08544
**Phone:**
**Attorney Email:**

**Ution 1-1 0 Defendant Doe Instit**

**Party Description:** Fictitious
**Attorney Name:**
**Address Line 1:**
**Address Line 2:**
**Attorney Bar ID:**
**City:**
**State:** NJ
**Zip:** 00000
**Phone:**
**Attorney Email:**

**Defendant Doe 1-10**

**Party Description:** Fictitious
**Attorney Name:**
**Address Line 1:**
**Address Line 2:**
**Attorney Bar ID:**
**City:**
**State:** NJ
**Zip:** 00000
**Phone:**
**Attorney Email:**

## Case Actions

| Filed Date | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|
| 11/04/2021 | Complaint with Jury Demand for MER-L-002291-21 submitted by BALDANTE, JOHN W, LEVY BALDANTE FINNEY on behalf of LAURA K MORETZ against THE TRUSTEES OF PRINCETON, MICHAEL RYAN, DEFENDANT DOE 1-10, DEFENDANT DOE INSTITUTION 1-10 | LCV20212578660 | 11/04/2021 |
| 11/05/2021 | TRACK ASSIGNMENT Notice submitted by Case Management | LCV20212582493 | 11/05/2021 |