

John Baldante ϕ
Martin G. Rubenstein ◊
Kyle J. Keller ϕ
Gabriel C. Magee ¥
Stacy L. Hughes ϕ
Daniella R. Price ϕ
Jamie L. Hutchinson ϕ
Caroline R. Goldstein ϕ
Aron Minkoff ⌶
_____
*Of Counsel:*
Mark S. Levy ★
Lawrence D. Finney ⱱ◊
Stephen C. Rubino

89 North Haddon Avenue
Suite D
Haddonfield, NJ 08033

(800) 601-1616
(856) 424-8967
(856) 795-9806 (Fax)
www.BRattorneys.com

*Philadelphia Office*
Rittenhouse Square
1845 Walnut Street
Suite 1300
Philadelphia, PA 19103
(215) 735-1616
(215) 545-2642 (Fax)

*Attorney Cell Phone*
(215) 370-0648

*Attorney Email*
Baldante@BRattorneys.com

★ *Certified by the Supreme Court of New Jersey as a Civil Trial Attorney*
ⱱ *National Board of Trial Advocacy Certified Civil Trial Attorney*
ϕ *Member of Pennsylvania & New Jersey Bar*
¥ *Member of Pennsylvania, New Jersey & Washington DC Bar*
⌶ *Member of Pennsylvania, New York & New Jersey Bar*
◊ *Member of Pennsylvania Bar Only*

May 28, 2025

**Via e-Filing**
Honorable Matthew J. Skahill, USMJ
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Room 2040
Camden, NJ  08101

      RE:     **Moretz v. Trustees of Princeton University, et al.**
             **Civil Docket No.:**     1:21-cv-19822
             **Our File No.:**          45985.879

Dear Judge Skahill:

      Our office represents Plaintiff Laura Moretz in the above-captioned matter.  Pursuant to L. Civ. R. 37.1, Plaintiff writes to bring to the Court's attention a discovery dispute regarding subpoenas to be issued by Defendant Trustees of Princeton University to Plaintiff's siblings.  Plaintiff's position is that these subpoenas bear no relevance to the claim or defense of sexual abuse suffered by Plaintiff.  Plaintiff has not disclosed the sexual abuse to any of her siblings, and their testimony would provide no material evidence regarding the central issues in this case.

      Moreover, compelling their testimony imposes an undue burden as one of Plaintiff's siblings has a significant mental health diagnosis, and the issuance of a subpoena may risk serious harm to her sibling and subject Plaintiff to unnecessary "outing of her sexual abuse" and trauma. Additionally, both of Plaintiff's siblings live out of state.  The burden, harm, and privacy interests of Plaintiff, her siblings, and sexual abuse survivors are outweighed by any potential benefit.

      Counsel for both parties have met and conferred in an effort to resolve this issue, but have been unable to reach an agreement. Accordingly, Plaintiff respectfully requests the Court's intervention. In the alternative, Plaintiff seeks leave to file a motion to quash the subpoenas or a motion for a protective order to prevent intrusive and unnecessary discovery as it relates to Plaintiff's siblings.

We appreciate the Court's attention to this matter and are available at the Court's convenience to discuss further. Thank you for Your Honor's kind consideration.

        Respectfully submitted,

        */s/ John W. Baldante*
        John W. Baldante, Esquire
        Daniella R. Price, Esquire

JWB/DRP:cac